```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
      CHARLOTTE DIVISION
         3:18-cv-187-FDW
      (3:04-cr-83-FDW-DCK-1)
```

| | | |
|---|---|---|
| **RODDIE PHILLIP DUMAS, SR.,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's letter, which this Court construes as a Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the Motion to Vacate.

Petitioner filed the instant motion to vacate on April 3, 2018, seeking to have this Court vacate, reduce, or correct his sentence in 3:04-cr-83. Petitioner filed a previous motion to vacate the same conviction and sentence, and this Court denied the motion to vacate on the merits. (Crim. Case No. 3:04-cr-83, Doc. No. 72). Petitioner also filed another Section 2255 petition, and this Court dismissed that petition as successive. (Id., Doc. Nos. 79, 83). Thus, this is the third Section 2255 motion filed by Petitioner challenging his conviction and sentence in 3:04-cr-83.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Petitioner

1

has not shown that he has obtained the permission of the Fourth Circuit Court of Appeals to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Accordingly, this successive petition must be dismissed.[1] See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

For the foregoing reasons, the Court will dismiss Petitioner's Section 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the

---

[1] The petition also appears to be time-barred under Section 2255(f)(1).

petition states a debatable claim of the denial of a constitutional right).

Signed: April 23, 2018

Frank D. Whitney
Chief United States District Judge